UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GREGORY SIMMONS,<br><br>　Plaintiff,<br><br>　　v.<br><br>TIMOTHY GILLESPIE, in his official capacity as Chief of Police for the City of Pekin, Illinois; JAMES WALLINGER, MICHAEL FRANKS, and DENNIS SHORT, in their official capacities as Commissioners for the Pekin Police and Fire Commission; THE CITY OF PEKIN; and THE PEKIN POLICE AND FIRE COMMISSION,<br><br>　Defendants. | Case No.   11-cv-1384 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). Plaintiff has responded in opposition to the Motion, and it is now ready for disposition. (Docs. 11 & 12). Defendant has also filed a Motion for leave to file a Reply brief, which the Court denies; no Reply is necessary for the Court to properly interpret the parties' arguments. (Doc. 13). For the reasons stated below, the Motion to Dismiss is granted in part.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (citing *Tamayo v. Blagojevich*,

526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084).

On the other hand, "complaints need not anticipate and attempt to plead around defenses." *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (*citing Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). Dismissal on statute of limitations grounds should only be granted where the "plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown*, 457 F.3d 688, 691 fn. 1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense")).

**RELEVANT FACTUAL BACKGROUND**

Plaintiff's Complaint alleges that he, a Pekin Police officer, was removed from duty by Defendant Gillespie on March 23, 2006, and returned him to work

September 15, 2008. Plaintiff lost wages and benefits while off-duty during this period.

On March 23, 2007, Defendant Gillespie proffered charges of misconduct relating to incidents in 2006 and 2007 against Plaintiff to the Defendant Pekin Police and Fire Commission, and seeking his termination. The Defendant Commission held a hearing on these charges between July 18 and 25, 2007. On November 21, 2007, the Defendant Commission issued its decision. Defendants Wallinger, Franks, and Short, acting as Commissioners for the Defendant Commission, imposed a 20-day suspension on Plaintiff, apparently as a result of these charges, but did not decide the issue of Plaintiff's mental fitness to return to work, and so Plaintiff could not return to work. Plaintiff appealed the Commission's decision, and the Illinois Appellate Court ruled in Plaintiff's favor on October 13, 2009, vacating the 20-day suspension.

On October 2, 2007, Defendant Gillespie ordered Plaintiff to undergo a psychological evaluation. Defendant Gillespie proffered a second set of charges against Plaintiff to the Defendant Commission on October 19, 2007, again alleging misconduct and seeking Plaintiff's termination. The Defendant Commission found in Plaintiff's favor on the second set of charges on February 6, 2008; this decision was affirmed on administrative review, and Defendant Gillespie did not appeal to the Appellate Court. On February 6, 2008, the Defendant Commission declined to allow Plaintiff to return to work. Defendant Gillespie rescinded his order of suspension on September 15, 2008, and allowed Plaintiff to return to work.

Plaintiff's Complaint alleges that, between March 24, 2006 and September 15, 2008, Defendants denied him his protected liberty and property interests in his employment without due process of law in violation of 42 U.S.C. § 1983, and that they conspired to so deprive him in violation of 42 U.S.C. § 1985. In addition, because Illinois law states that if charges against a police officer are not sustained the officer is to be reimbursed for all wages withheld,[1] and because Plaintiff alleges that he has never been reimbursed for the wages, Plaintiff appears to claim, under 42 U.S.C. § 1983, an unconstitutional deprivation of his protected property interest in reimbursement. He also appears to claim that Defendants conspired to commit this violation of Plaintiff's right to reimbursement in violation of 42 U.S.C. § 1985. Finally, Plaintiff appears to raise contractual and personal injury claims relating to his suspension from duty.

## DISCUSSION

Defendants assert that Plaintiff's Complaint should be dismissed on two grounds: it is barred by the statute of limitations, and it otherwise fails to state a claim upon which relief can be granted.

## I. Statute of Limitations

As noted above, ordinarily, the statute of limitations presents an affirmative defense that the plaintiff's complaint need not anticipate and defeat. However, where the complaint itself reveals that the statute of limitations bars the suit, dismissal prior to discovery is appropriate. *Cancer Foundation*, 559 F.3d at 674-75.

---

[1] The Illinois Municipal Code provides that if charges are made against a police officer by the chief of police, and "[i]f the Board of Fire and Police Commissioners determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any." 65 ILCS 5/10-2.1-17.

4

Defendant asserts that even the most recent of Plaintiff's claims alleges violations that occurred in September 2008, more than three years before his October 13, 2011 Complaint, and that some of the claims are based on events over five years prior to the initiation of this suit. Plaintiff counters with the argument that, because he was required to exhaust his administrative remedies before filing suit, his claim did not accrue until at least October 13, 2011.

First, the Court must determine what statute of limitations applies. Both § 1983 and § 1985 suits "borrow" a comparable statute of limitations from the law of the state in which the district court sits. *See Wilson v. Geisen*, 956 F.2d 738, 741 fn. 4 (7th Cir. 1992) (citations omitted). The parties dispute whether the Court should look to Illinois' one-year statute of limitations applicable to suits against local governmental entities, or its two-year statute of limitations applicable to other personal injury suits, for some of the claims. Defendants assert that since Plaintiff's claims are only against the individual Defendants in their "official capacities" and against two local governmental entities, the Illinois limitations period of one year for local governmental entity suits established by the Illinois Local Governmental and Governmental Employees Tort Immunity Act is applicable. (Doc. 10 at 4-5 (citing 745 ILCS 10/8-101)). Plaintiff claims that this is a "municipal tort immunity statute," which cannot constitute a defense to a civil rights suit. (Doc. 12 at 2 (quoting *Weiss v. Village of Downers Grove*, 588 N.E.2d 435, 469-70 (Ill. App. Ct. 1992)). In *Palmer v. Board of Educ. Of Community Unit School Dist. 201-U, Will County, Ill.*, the Seventh Circuit cited *Weiss* in confirming that "[s]tatutes such as 745 ILCS 10/8-101 that establish short time limits for suing governmental bodies

5

are especially poor candidates for absorption under § 1983. States are not free to endow themselves and their employees with special protection from § 1983 suits, which after all apply only to state actors." 46 F.3d 682, 684 (7th Cir. 1995) (citing *Dixon v. Chrans*, 986 F.2d 201 (7th Cir. 1993)). Therefore, the Court applies the Illinois' general two-year statute of limitations.

A. **Claims relating to events before the Appellate Court's October 13, 2009 decision in Plaintiff's favor**

Insofar as Plaintiff asserts claims to relief arising from Defendants' decisions to keep him off-duty, the most recent of which was in September 2008, Plaintiff's claims must be dismissed as barred by the statute of limitations, as his suit was not filed until October 2011, well beyond even the two-year statute of limitations. Plaintiff's Complaint and his Response to the Motion to Dismiss seem to show that he wishes to pursue claims against Defendants for "wrongfully depriv[ing him] of his right to work" prior to October 2009. (Doc. 12 at 6-7 (quoting *McCoy v. Kamradt*, 483 N.E.2d 544, 550 (Ill. App. Ct. 1985)); (Doc. 1 at 5). The Court takes these allegations as a due process claim or claims against Defendants for their decisions that imposed and sustained his suspension from work, as well as their actions relating to the charges of misconduct against him, all occurring "between March 24, 2006 and September 15, 2008." (Doc. 1 at 5).

Plaintiff asserts that this claim did not accrue until the Appellate Court's October 13, 2009 decision in his favor. The Court does not agree, and Plaintiff's cited authority does not support his argument on this point. If Defendants' actions or decisions unconstitutionally denied him of due process, that claim accrued as soon as Plaintiff knew of them; Plaintiff does not allege any delay in his learning of

the decisions. *See Wilso*n, 956 F.2d at 740 (citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980); *Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982); *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971)) ("Civil rights claims…accrue when the plaintiff knows or should know that his or her constitutional rights have been violated."). If Defendants were indeed violating the constitution by depriving him of due process, or by conspiring to do so, Plaintiff did not need the Appellate Court's decision to show this. *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971) ("reversal is not an essential element of his § 1983 cause of action and accrual of that cause of action was not…delayed" until reversal on appeal).

Plaintiff cites to *McCoy v. Kamradt*, which holds that if an employees' suspension from work is reversed by the Board of Police and Fire Commissioners, it has thus been determined that he was "wrongfully deprived of the right to work" and is therefore due backpay under 65 ILCS 5/10-2.1-17. However, the *McCoy* court did not indicate, as Plaintiff argues, that a § 1983 claim for denial of due process resulting from inappropriate charges of misconduct is dependent on the Appellate Court's reversal of the charges.[2] *Id*. If Defendants pursued or sustained false charges against Plaintiff, or denied him due process in suspending him from work, those actions (assuming they were unconstitutional) were unconstitutional when they occurred. Insofar as Plaintiff alleges that Defendants violated or conspired to violate his due process rights "between March 26, 2006 and September 15, 2008," those claims accrued when he knew or should have known of his injury, and so they are facially time-barred.

---

[2] Plaintiff's potential due process claim to reimbursement under 65 ILCS 5/10-2.1-17 is discussed further below.

In some cases, certain circumstances can toll the statute of limitations for a period after the accrual of a claim. The parties focus on the question of whether a § 1983 plaintiff is required to exhaust his administrative remedies prior to filing suit.[3] In *Patsy v. Board of Regents of State of Florida*, the Supreme Court held that there is no requirement of exhaustion prior to filing a § 1983 suit. 457 U.S. 496, 500 (1982). The Supreme Court noted that if such a requirement were imposed, and if the general rule that an exhaustion requirement tolls the statute of limitations were not lifted, § 1983 relief would be unavailable in most cases. *Id*. at 514 fn. 17. The Supreme Court was clear that there is no exhaustion requirement under § 1983. The crucial issue here, though, is whether time spent exhausting administrative remedies tolls the statute of limitations, if such exhaustion is not mandatory, and neither party directly addresses it. The fact that exhaustion is not required does not necessarily eliminate the question of whether, where there are administrative remedies available, a plaintiff's time to file suit is tolled while he attempts to obtain relief through the administrative process.

In § 1983 (and § 1985) suits, state law provides both the applicable statute of limitations and any tolling rules, so long as they are compatible with federal law. *Hondo, Inc. v. Sterling*, 21 F.3d 775, (7th Cir. 1994) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 484–86 (1980)); *Wilson*, 956 F.2d at 741 fn. 4 ("The same statute of limitations applies to claims under § 1983 and § 1985(3)."). Plaintiff does not cite to any rule of Illinois law that requires tolling of the statute of limitations

---

[3] It appears that § 1985 would be subject to the same exhaustion and tolling rules as § 1983, as they use the same statute of limitations, but the issue is immaterial, since, as discussed further below, Plaintiff has no viable § 1985 claim, even if it were timely.

8

while non-mandatory administrative remedies are exhausted, and the Court has found no such rule. In addition, the Court finds no reason to assume that Illinois' lack of such a tolling requirement conflicts with federal law, as § 1983 does not itself require exhaustion. *Coleman v. O'Grady*, 803 F.Supp. 226, 228-29 (N.D. Ill. 1992) (citing *Board of Regents v. Tomanio*, 446 U.S. 478 (1980)) (district court's opinion adopted on appeal, 19 F.3d 21 (Table) (7th Cir. 1994)). As the Northern District of Illinois observed on this issue, "[t]he plaintiff's own choice to pursue his claims by other means cannot act to toll the statute of limitations." *Watkins v. Brandt*, No. 94 C 7452, 1996 WL 450835, *4 (N.D. Ill. Aug. 6, 1996). There is no indication that tolling is required while a plaintiff pursues administrative remedies under federal or Illinois law, and so the Court must dismiss as untimely any portion of Plaintiff's suit based on Defendants' actions or decisions prior to the Illinois Appellate Court's October 2009 decision.

### B. Defendants' alleged refusal to reimburse Plaintiff for wages lost following the Appellate Court's October 13, 2009 decision in his favor

Plaintiff's other apparent claim is that Defendants' failed to reimburse him his lost wages following the Appellate Court's October 13, 2009 finding in his favor.[4] The Court finds that this claim would not be time-barred, though, as discussed below, the Court questions whether it states a claim under the applicable statute. If the Appellate Court had determined that Defendants' decisions were correct, he would have had no arguable claim for reimbursement, as the charges would have been "sustained" under 65 ILCS 5/10-2.1-17. Plaintiff's statutory entitlement to

---

[4] As discussed in the next section, the Court questions the viability of Plaintiff's due process claim for reimbursement under 65 ILCS 5/10-2.1-17.

reimbursement was dependent on the Commission's decisions not being "sustained." Therefore, Plaintiff did not know until at least October 13, 2009 that he may have been entitled to reimbursement or that Defendants would refuse to pay it, because, until that date, he was not so entitled and they had not yet refused.[5] The crux of this claim is that Defendants refused to reimburse Plaintiff for his lost wages under 65 ILCS 5/10-2.1-17, and that this refusal constituted a deprivation of a protected property interest in reimbursement without due process of law. On the facts alleged by the Complaint, this claim could not accrue until sometime after October 13, 2009, when Plaintiff asserts that Defendants became obligated to reimburse Plaintiff, and so appears to be timely.

## II. Whether the remaining claims state a claim upon which relief can be granted

The second part of Defendants' Motion to Dismiss argues that, even if Plaintiff's suit is not barred by the statute of limitations, it fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). As discussed above, the only potentially timely claims of Plaintiff's are the claims that Defendants, after October 13, 2009, denied him of due process in depriving him of his property interest in reimbursement for the wages lost while he was suspended, and that they acted pursuant to a conspiracy to so deprive him.

---

[5] Defendants' assertion that the October 13, 2011 filing was one day late is untenable, at least on a motion to dismiss, as the claim could not accrue until Plaintiff knew or should have known that his claimed right to reimbursement had been violated – until he knew that Defendants were not going to reimburse him. It would be absurd to hold on the facts alleged that he should have known that Defendants were going to refuse on the very day that they became obligated to pay.

10

### A. § 1983 Due Process

In order to prevail on a due process claim under § 1983, a plaintiff must show both that he had a protected entitlement, and that he did not receive "due process" when he was deprived of that entitlement. *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007) (citing *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005)). Plaintiff asserts that he had an entitlement to reimbursement under Illinois law, and his Complaint seems to indicate that Defendants deprived him of this entitlement without any process at all.

As noted above, 65 ILCS 5/10-2.1-17 provides that "If the *Board of Fire and Police Commissioners* determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any." In his remaining § 1985 claim, Plaintiff asserts that Defendants have failed to reimburse him his lost wages following the October 2009 reversal of Chief Gillespie's first set of charges by the Appellate Court.[6] Defendants point to the italicized language quoted above, which appears to require reimbursement only if the Board of Fire and Police Commissioners itself makes the determination that the charges are not sustained. Here, it was the *Appellate Court* that made this determination, following the

---

[6] Plaintiff also claims reimbursement triggered by the Defendant Commission's February 6, 2008 decision that Defendant Gillespie's October 19, 2007 charges against him (the second set of charges) were not sustained, but, as discussed above, no claims that accrued prior to October 13, 2009 are timely. On February 6, 2008, Plaintiff may have become statutorily entitled to reimbursement for that period, but knew or should have known that Defendants had not paid it well within the year and a half prior to October 13, 2009. He does not allege any circumstances that would delay such knowledge, and so this claim is untimely. (It is not clear that Plaintiff was entitled to reimbursement at that point, though, as he was still suspended pursuant to the first set of charges, which were not reversed until October 2009.)

11

Commissioners' decision that the charges were sustained. On a plain reading of the statute, then, it appears that Defendants are correct – the *Commissioners* did not reject the charges, and so Plaintiff is not entitled to reimbursement. Even if a reviewing court reverses the Commissioners' decision, it was not the Commissioners who "determined" that the charges were not sustained, and so the terms of the statute would not be met.

This reading is supported by the characterization of the statute by the Northern District of Illinois in *DeMauro v. Loren-Maltese*, writing that "a board possesses authority to award back pay provided it determines that the charges brought against an officer are not sustained." 98 c 8318, 2001 WL 936113, *6 (N.D. Ill. Aug. 17, 2001) (citing *People ex rel. Cotter v. Conlisk*, 308 N.E.2d 1, 2 (Ill.App. Ct. 1974)). Under this reading, 65 ILCS 5/10-2.1-17 is only a grant of authority to the Board. The *DeMauro* court held that because of the statute's explicit requirement that the Board "determine" that the charges were unsustained, charges that were withdrawn prior to any determination did not trigger the right to reimbursement, though the plaintiff had argued that withdrawal of the charges was functionally equivalent to finding that they were unsustained. *Id.* (*citing, inter alia, McCoy*, 483 N.E.2d at 550). The *DeMauro* court applied the literal text of the statute, though the result appears to conflict with the apparent goal of reimbursing employees who are placed on unpaid suspension without cause.

The Court notes the seeming unfairness of this reading: if the state provides a mechanism for judicial review of Commissioners' decisions, but reimbursement is not available when the Commissioners' erroneous decisions are overturned on

appeal (being only available when the Commissioners themselves determine that the charges are unsustained), then employees who are wrongfully suspended without pay or discharged may lose an important remedy. On the other hand, it seems that a reviewing court would have the power, in appropriate situations, to issue an order that would make whole the suspended employee. *See Savaglio v. Board of Fire and Police Com'rs of Village of Oak Brook*, 465 N.E.2d 1065, 1070-71 (Ill. App. Ct. 1984) (quoting *Kloss v. Board of Fire & Police Commissioners*, 438 N.E.2d 685, (Ill. App. Ct. 1982)) (holding that reviewing courts do not have the authority to order reinstatement, but implying that they could order reimbursement if sufficient evidence of salary, etc., is presented). Moreover, the Administrative Review Act allows the reviewing court to remand the matter to the Board for further consideration. 735 ILCS 5/3-111.

Plaintiff cites no cases and makes no argument to support the idea that the Court should disregard the plain language of the statute and find that *any* reversal of the charges, whether by the Board or a reviewing court, triggers reimbursement.[7] On the other hand, Defendants cite no cases holding that the statute should be read as strictly as they suggest. The Court has been unable to find any cases that are directly on-point with this issue, and so will give the parties an opportunity to brief this matter in more depth before issuing a definitive ruling on this portion of Plaintiff's suit.

---

[7] Plaintiff relies heavily on the language from *McCoy* stating that "If the police board finds the dismissal is unwarranted, then an officer is entitled to back pay because he was wrongfully deprived of his right to work. But one whose dismissal is affirmed by the police board can have no such claim." 483 N.E.2d at 550. This quotation itself, though, speaks of a determination by the "police board," not by a court.

## B. § 1985 Conspiracy

Plaintiff also alleges under 42 U.S.C. § 1985 that Defendants conspired to deprive him of his due process rights. If a plaintiff alleges a conspiracy to violate the constitution under § 1985, "it must be alleged and proved the purpose of the act complained of was to purposely discriminate between persons or classes of persons."[8] *Egan v. City of Aurora*, 291 F.2d 706, 708 (7th Cir. 1961) (citing *Snowden v. Hughes*, 321 U.S. 1 (1944)); *see also Parker*, 730 F.Supp. at 120 ("In order to state a claim for relief under Section 1985(3), one must allege the following: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance; and (4a) an injury to his person or his property, or (4b) a deprivation of any right or privilege of a citizen of the United States.").

---

[8] The Court agrees with Defendants (whose assumption on this point is not contradicted by Plaintiff) that Plaintiff is proceeding under § 1985(3), which provides, in relevant part:
> If two or more persons…conspire…*for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws*; …in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(emphasis added). The other two subsections of § 1985 are not even arguably applicable to this case.

Plaintiff does not allege or allude to any facts suggesting that Defendants had the purpose to deprive him of equal protection of the laws, and so has not stated a claim under § 1985. *Parker*, 730 F.Supp. at 121 (citing *Brosten v. Scheeler*, 360 F.Supp. 608, 614 (N.D. Ill. 1973); *Collins v. Bensinger*, 374 F.Supp. 273, 277 (N.D. Ill. 1974)) ("[I]n enacting Section 1985(3), Congress did not seek to prohibit alleged conspiracies to deny due process."). *See Snowden*, 321 U.S. at 7 ("But not every denial of a right conferred by state law involves a denial of the equal protection of the laws, even though the denial of the right to one person may operate to confer it on another. …The unlawful administration by state officers of a state statute fair on its face…is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."). Plaintiff's § 1985 claim must therefore be dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 9) is GRANTED IN PART, and their Motion for Leave to File a Reply (Doc. 13) is DENIED. All of Plaintiff's § 1983 claims concerning actions prior to October 13, 2009 are DISMISSED WITH PREJUDICE, and Plaintiff's § 1985 claims are DISMISSED WITH PREJUDICE. The parties are granted leave to file supplemental briefs of no more than five pages on the issue of whether Plaintiff had a right to reimbursement under 65 ILCS 5/10-2.1-17 following the Appellate Court's October 13, 2009 reversal of the Commissioners' decision on the first set of charges; and if he does, how such entitlement is to be implemented. Such briefs are due within 21 days of the date of this Order.

IT IS SO ORDERED.


Entered this 14th day of May, 2012.

                                                              s/ Joe B. McDade
                                                              JOE BILLY McDADE
                                      United States Senior District Judge