UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GREGORY SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-1384 |
| | ) |
| TIMOTHY GILLESPIE, in his official capacity as Chief of Police for the City of Pekin, Illinois; JAMES WALLINGER, MICHAEL FRANKS, and DENNIS SHORT, in their official capacities as Commissioners for the Pekin Police and Fire Commission; THE CITY OF PEKIN; and THE PEKIN POLICE AND FIRE COMMISSION, | ) |
| | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on the remaining portion of Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). For the reasons stated below, the Motion to Dismiss is granted.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63

(2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084).

On the other hand, "complaints need not anticipate and attempt to plead around defenses." *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (*citing Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). Dismissal on statute of limitations grounds should only be granted where the "plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown*, 457 F.3d 688, 691 fn. 1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense")).

**RELEVANT FACTUAL BACKGROUND**

Plaintiff's Complaint alleges that he, a Pekin Police officer, was removed from duty by Defendant Gillespie on March 23, 2006, and returned him to work September 15, 2008. Plaintiff lost wages and benefits while off-duty during this period.

On March 23, 2007, Defendant Gillespie proffered charges of misconduct relating to incidents in 2006 and 2007 against Plaintiff to the Defendant Pekin Police and Fire Commission, and seeking his termination. The Defendant

Commission held a hearing on these charges between July 18 and 25, 2007. On November 21, 2007, the Defendant Commission issued its decision. Defendants Wallinger, Franks, and Short, acting as Commissioners for the Defendant Commission, imposed a 20-day suspension on Plaintiff, apparently as a result of these charges, but did not decide the issue of Plaintiff's mental fitness to return to work, and so Plaintiff could not return to work. Plaintiff appealed the Commission's decision, and the Illinois Appellate Court ruled in Plaintiff's favor on October 13, 2009, vacating the 20-day suspension.

On October 2, 2007, Defendant Gillespie ordered Plaintiff to undergo a psychological evaluation. Defendant Gillespie proffered a second set of charges against Plaintiff to the Defendant Commission on October 19, 2007, again alleging misconduct and seeking Plaintiff's termination. The Defendant Commission found in Plaintiff's favor on the second set of charges on February 6, 2008; this decision was affirmed on administrative review, and Defendant Gillespie did not appeal to the Appellate Court. On February 6, 2008, the Defendant Commission declined to allow Plaintiff to return to work. Defendant Gillespie rescinded his order of suspension on September 15, 2008, and allowed Plaintiff to return to work.

Plaintiff's Complaint alleges that, between March 24, 2006 and September 15, 2008, Defendants denied him his protected liberty and property interests in his employment without due process of law in violation of 42 U.S.C. § 1983, and that they conspired to so deprive him in violation of 42 U.S.C. § 1985. In addition, because Illinois law states that if charges against a police officer are not sustained

the officer is to be reimbursed for all wages withheld,[1] and because Plaintiff alleges that he has never been reimbursed for the wages, Plaintiff appears to claim, under 42 U.S.C. § 1983, an unconstitutional deprivation of his protected property interest in reimbursement. He also appears to claim that Defendants conspired to commit this violation of Plaintiff's right to reimbursement in violation of 42 U.S.C. § 1985. Finally, Plaintiff appears to raise contractual and personal injury claims relating to his suspension from duty.

## DISCUSSION

In its first order on Defendants' Motion to Dismiss, the Court dismissed with prejudice all of Plaintiff's § 1983 claims concerning actions prior to October 13, 2009, as they are untimely, as well as his § 1985 claims, which fail to state a claim upon which relief can be granted. The parties were granted leave to file supplemental briefs on the remaining issue of whether Plaintiff had a right to reimbursement under 65 ILCS 5/10-2.1-17 following the Appellate Court's October 13, 2009 reversal of the Commissioners' decision on the first set of charges; and, if he did, how such entitlement is to be implemented. Those briefs have been filed, and, as the Court suspected, the plain text of the statute must control.

Plaintiff's remaining claim is that Defendants failed to reimburse him his lost wages following the Appellate Court's October 13, 2009 finding in his favor. Defendants had argued that this claim fails to state a claim upon which relief can

---

[1] The Illinois Municipal Code provides that if charges are made against a police officer by the chief of police, and "[i]f the Board of Fire and Police Commissioners determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any." 65 ILCS 5/10-2.1-17.

be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). In order to prevail on a due process claim under § 1983, a plaintiff must show both that he had a protected entitlement, and that he did not receive "due process" when he was deprived of that entitlement. *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007) (citing *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005)). Plaintiff asserts that he had an entitlement to reimbursement under Illinois law, and his Complaint seems to allege that Defendants deprived him of this claimed entitlement without any process at all. The Court must now determine whether any such entitlement actually exists.

As noted above, 65 ILCS 5/10-2.1-17 provides that "If the *Board of Fire and Police Commissioners* determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any." In his remaining § 1983 claim, Plaintiff asserts that Defendants have failed to reimburse him his lost wages following the October 2009 reversal of Chief Gillespie's first set of charges by the Appellate Court. Defendants point to the italicized language quoted above, which appears to require reimbursement only if the Board of Fire and Police Commissioners itself makes the determination that the charges are not sustained. Here, it was the *Appellate Court* that made this determination, following the Commissioners' decision that the charges were sustained. On a plain reading of the statute, then, it appears that Defendants are correct – the *Commissioners* did not reject the charges, and so Plaintiff is not entitled to reimbursement. Even if a reviewing court reverses the Commissioners' decision, it was not the Commissioners

5

who "determined" that the charges were not sustained, and so the terms of the statute would not be met.

In its previous Order, the Court noted the seeming unfairness of this reading: if the state provides a mechanism for judicial review of Commissioners' decisions, but reimbursement is not available when the Commissioners' erroneous decisions are overturned on appeal (being only available when the Commissioners themselves determine that the charges are unsustained), then employees who are wrongfully suspended without pay or discharged may lose an important remedy. The Court also observed, however, that a reviewing court itself has the power to craft an appropriate remedy: it could order reimbursement of the employee's salary, or it can remand to the Board for further consideration. *See* 735 ILCS 5/3-111; *Savaglio v. Board of Fire and Police Com'rs of Village of Oak Brook*, 465 N.E.2d 1065, 1070-71 (Ill. App. Ct. 1984) (quoting *Kloss v. Board of Fire & Police Commissioners*, 438 N.E.2d 685, (Ill. App. Ct. 1982)).

In order to ensure a thorough and fair treatment of this issue, the Court provided the parties the opportunity to supplement their briefs with research supporting their interpretations. Though the Court believed that the plain text should control, if the Illinois courts had previously interpreted this statute as Plaintiff advocated, the Court would defer to their interpretation of the state statute. Plaintiff now argues for a liberal construction of the statute, claiming that it was the intent of the legislature that employees such as himself should be entitled to backpay in any circumstance where their suspension is reversed, and that the court should implement the legislature's true intent. He cites no cases

6

specific to the statute at issue, but cases noting that civil service employees generally are "entitled to their salaries for the period during which they were illegally prevented from performing their duties." *Kelly v. Chicago Park District*, 98 N.E.2d 738, 742 (Ill. 1951). In turn, Defendants assert the familiar first rule of statutory construction: the text of the statute, where not ambiguous, must be given its plain meaning. *Snyder v. Heidelberger*, 953 N.E.2d 415, 420-21 (Ill. 2011) (citations omitted) ("The most reliable indicator of [the legislature's] intent is the statutory language itself, which must be given its plain and ordinary meaning. When the statutory language is clear, we must apply it as written, without resort to extrinsic aids of statutory construction. We may not depart from the plain meaning of a statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent."). *See also In re C.C.*, 959 N.E.2d 53, 61 (Ill. 2011) ("We apply the statutes of this state as written, and do not carve out exceptions that do not appear in the statute simply because we do not like how the statute applies in a given case.").

The Court must conclude that Defendants' interpretation is correct. Their fundamental premise, that the plain text of the statute is not ambiguous and therefore must clearly express the will of the Illinois legislature, is determinative, as Plaintiff has failed to cite any instances where an Illinois or other court has interpreted the statute to require reimbursement even if the Board is not the entity that reverses the charges. No amount of "liberal" construction can change what the statute actually says, and the Court must assume that the legislature deliberately chose the phrase "Board of Fire and Police Commissioners" for use in the statute,

7

rather than saying "If the charges are not sustained by the Board or on appeal...". Moreover, the Court is satisfied that, as noted above, reviewing courts, in appropriate cases, have sufficient remedial power to obviate any concern for unfairness.[2]

All of Plaintiff's cases relating to reinstated employees' entitlement to backpay predate the 1965 Board of Fire and Police Commissioners Act, and therefore do not explain how the Court should interpret the Act, which explicitly provides for reimbursement in appropriate cases. Previous to the Act's passage, as Plaintiff notes, there was no explicit statutory entitlement to reimbursement, and so the Illinois courts had to "read in" such an entitlement. Now, though, the Act explicitly provides for reimbursement in appropriate cases, and also apparently allows a reviewing court to order reimbursement or other relief, and so this Court must respect the statute as written, as well as the Appellate Court's apparent decision not to order a monetary remedy. The fact that the Appellate Court apparently did not choose to use its power to assist Plaintiff beyond the reversal of the charges against him does not create a due process claim against Defendants, and in fact makes this Court even more hesitant to order such a remedy itself, as it does not sit in review of the Illinois Appellate Court. Plaintiff's claim to

---

[2] Indeed, in *People ex rel. Jacobs v. Coffin*, the reversing court's order specifically provided for reimbursement; *Jacobs* does not stand for the proposing that a court's reversal of charges automatically carries with it an order of reimbursement. 119 N.E. 54, 59 (Ill. 1918). In fact, if this were the case, Plaintiff's proper recourse would be to the Illinois Appellate Court, as Defendants would be in contempt of its order.

reimbursement under 65 ILCS 5/10-2.1-17 does not state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 9) is GRANTED. CASE TERMINATED.

IT IS SO ORDERED.

Entered this 17th day of September, 2012.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge